LILLIE JONES v. LIFE AND CASUALTY COMPANY OF TENNESSEE.

(Filed 26 November, 1930.)

**Insurance M b—Burden is on plaintiff in action on accident policy to prove that death was result of cause stipulated therein.**

> In order to recover upon a policy of casualty insurance providing for liability if the insured should be killed by a motor-driven vehicle while walking or standing on a public highway, the burden of proof is on the plaintiff to show by evidence the liability of the defendant according to the terms of his policy, and evidence that the insured was found dead on the public streets of a city, with bruises on his body, etc., is insufficient to overcome defendant's motion as of nonsuit.

APPEAL by plaintiff from *Clement, J.,* at August Term, 1930, of CABARRUS. Affirmed.

This is an action to recover on a policy of insurance by which defendant agreed to pay to plaintiff, as beneficiary, the sum of $1,000, upon the death, during the time the policy was in force, of Fred J. Jones, the insured, resulting from bodily injuries:

"If the insured shall be struck by a vehicle which is being propelled by steam, cable, electricity, naphtha, gasoline, horse, compressed air or liquid power, while insured is walking or standing on a public highway, which term, public highway, as here used shall not be construed to include any portion of railroad or interurban yards, station grounds, or right of way except where crossed by a thoroughfare dedicated to and used by the public for automobile or horse vehicle traffic."

From judgment dismissing the action, on motion of defendant at the conclusion of the evidence for the plaintiff, plaintiff appealed to the Supreme Court.

*B. W. Blackwelder for plaintiff.*
*Hartsell & Hartsell for defendant.*

PER CURIAM. The dead body of Fred J. Jones, the insured, was found on a public street in the city of Lexington, N. C., about 8 o'clock, on the night of 9 January, 1929. The policy sued on in this action was then in force. There was no evidence, however, at the trial of this action from which the jury could have found that he had been struck by a vehicle while walking or standing in the street. There were wounds on his body showing injuries sufficient to have caused his death. There was no evidence tending to show how or by whom these injuries were inflicted. In the absence of evidence tending to show that the insured was struck by a vehicle and that the fatal injuries were thereby inflicted,

there was no error in the judgment dismissing the action as of nonsuit. The burden was on the plaintiff to show by evidence that defendant is liable to her under the terms of the policy. This she failed to do. The judgment must, therefore, be

Affirmed.