FIDELA GARCIA DE GALINDO V. MANUEL GARCIA ET AL.

No. A-1032. Decided January 22, 1947.
Rehearing overruled February 19, 1947.
(199 S. W. 2d Series, 499.)

*Lloyd & Lloyd* and *Homer E. Dean, Jr.,* of Alice, and *Sam G.* *Reams,* of Falfurrias, for petitioner.

It was error for the Court of Civil Appeals to hold that there was no evidence to support the jury finding of no testamentary Capacity. Baker v. Baker, 143 Texas 191, 183 S. W. (2d) 724; Long v. Long, 133 Texas 96, 125 S. W. 1034.

*J. W. Wilson,* of Falfurrias, and *Perkins & Floyd,* of Alice, for respondent.

The will being contested on the ground of insanity, there could be but one single issue—mental capacity—and there being numerous witnesses who testified to testator's ability to make a will the Court of Civil Appeals was correct in holding that there was no evidence to support the jury's finding of no testamentary capacity. Vance v. Upson, 66 Texas 476; McCannon v. McCannon, 2 S. W. (2d) 942; Kell v. Ross, 175 S. W., 752.

MR. JUSTICE SLATTON delivered the opinion of the Court.

The question presented on this appeal is whether there is evidence of probative value to support the jury finding to the effect that the testator did not possess testamentary capacity to make a will.

The San Antonio Court of Civil Appeals sustained an attack made by the proponents of the will that a like finding was against the great weight and preponderance of the evidence on the first appeal of this cause. 189 S. W. (2d) 12.

A second trial resulted in a jury finding that the testator did not have testamentary capacity at the time of executing the alleged will. The proponents of the instrument appealed to the Court of Civil Appeals at San Antonio. That court sustained an attack which complained of the refusal of the trial court to instruct a verdict for the proponents of the will and the failure of the trial court to render judgment in favor of the proponents of the will notwithstanding the verdict of the jury. Opinion not yet published.

Thus, as the intermediate court stated, the primary contention of the proponents of the will is that there is "no evidence"

in the record to support the findings of the jury. The holding of the majority of the court is stated in the following paragraph of the opinion:

"We hold that the testimony of appellee's witness is insufficient as a matter of law to raise the issue of lack of testamentary capacity on the part of Daniel Garcia at the time he executed and published his last will and testament. The trial court should therefore have peremptorily instructed the jury to find for the appellants as proponents of the will."

Pursuant to this holding the judgment of the district court was reversed and the cause was remanded to the district court, with instructions to render judgment admitting the will to probate and to certify the same to the probate court, Associate Justice Murray dissenting.

The jurisdiction of this court does not extend to the question decided by the intermediate court on the first appeal. Our jurisdiction does include the question of law which was decided by the court on the second appeal.

It is not necessary to quote the evidence presented by petitioner, since the majority opinion states it in substance.

■ In short, the evidence tended to prove that Daniel Garcia was suffering under an insane delusion to such an extent that he believed his daughter had mistreated him and, acting under such false impression, executing the instrument for the purpose of disinheriting his only daughter. Stone v. Grainger, 66 S. W. (2d) 484, 487. That the issue of testamentary capacity was not submitted to the jury under a special instruction as to an insane delusion cannot affect the question, for the reason that evidence with respect to an insane delusion is only admissible on the question of testamentary capacity. Rogers v. Fleming, (Tex., Com. App.) 3 S. W. (2d) 77. Moreover, we are not dealing with the question of whether a special instruction should have been given covering this phase of the evidence.

■ The evidence further supports the finding of the jury in that it tends to show that Daniel Garcia did not possess testamentary capacity at the time of executing the instrument. This is shown by several withnesses who, according to their testimony, had known the deceased for several years. It may be admitted, as was found by the Court of Civil Appeals, that the proponents of the will made a strong prima facie case for probate of the

will. Under such circumstances, it is the province of a jury to determine the ultimate issue raised by the evidence.

■ In our opinion there is substantial evidence of probative value to support the finding of the jury. Chambers v. Winn, 137 Texas 444, 154 S. W. (2d) 454; Woods v. Townsend, 144 Texas 594, 192 S. W. (2d) 884. See also White v. White, 141 Texas 328, 172 S. W. (2d) 295 (testamentary capacity to make a deed).

These conclusions require a reversal of the judgment of the Court of Civil Appeals unless the judgment of that court can be sustained upon some other point of error duly assigned and briefed by the respondent. We have carefully examined all of the points of error assigned and briefed in the Court of Civil Appeals and construe them, together with the statements and arguments made under them, to present only questions of law, viz., there is no evidence to sustain the finding of the jury that Daniel Garcia did not possess testamentary capacity.

The respondents complained in the Court of Civil Appeals through their fourth and fifth points of error that the trial court erred in sustaining objections made by the contestant to the pleadings and judgment and a certain deed in the case of Daniel Garcia against his daughter, which was instituted on February 1, 1944, in the district court of Jim Wells County, Texas. We are not referred to any part of the record to show that these documents were offered as evidence in the case. The documents seem to have been attached to the trial pleadings of the proponents of the will, to which the contestant filed objections. It would seem from the transcript that these documents were stricken from the pleadings of the proponents of the will by the trial court. The complaint sought to be made is that these documents were wrongfully execluded as evidence. Since we are unable to find whether they were offered in evidence, there is nothing presented for an appellate court to review.

Thus it is seen that the judgment of reversal cannot be properly sustained upon any theory urged by the respondents. Accordingly, the judgment of the Court of Civil Appeals, which reversed the judgment of the district court and remanded the cause with instructions, will be reversed and the judgment of the district court will be affirmed.

Opinion delivered January 22, 1947.