Walter, R. Hart, J.
The provision in the policy for an appraisal of the injuries suffered by petitioners does not constitute an agreement to arbitrate all disputes arising under the contract of insurance. Since the respondent contests the allegations of the petition that all conditions precedent have been complied with, it would not be within the province of the appraisers to resolve that question. An agreement for appraisal as an incident to a contract is not a basis for an arbitration proceeding within section 1448 of the Civil Practice Act. (Matter of Delmar Box Co. [Ætna Ins. Co.], 309 N. Y. 60.)
While the contract of insurance would appear to define an ‘ uninsured automobile ’ ’ as one ‘ with respect to the * * * use of which there is no bodily injury liability insurance applicable at the time of the accident, or an automobile used without the permission of the owner ” (emphasis supplied), it has not been established on this record as a fact that such driver was not insured. The circumstance that he defaulted in an action brought against him in Utah does not create a presumption that he was uninsured. Since the contract does not provide that the appraisers may resolve this issue of fact or any other issue respecting respondent’s liability under the policy, no resort to arbitration may be had. As expressed in Matter of Delmar Box Co. [Ætna Ins. Co.] (supra, p. 63): “ An agreement for arbitration ordinarily encompasses the disposition of the entire controversy between the parties, upon which judgment may be entered after judicial confirmation of the arbitration award (Civ. Prac. Act, § 1464), while the agreement for appraisal extends merely to the resolution of the specific issues of * * * the amount of loss, all other issues being reserved for determination in a plenary action.”
Accordingly, the motion to compel respondent to proceed to an appraisal is denied without prejudice to such plenary suit as petitioners may be advised.
Submit order.