**Jack P. WESTBROOK, Appellant,**

v.

**The MILLERS MUTUAL FIRE INSURANCE COMPANY OF TEXAS, Appellee.**

**No. 14201.**

Court of Civil Appeals of Texas.

San Antonio.

Dec. 31, 1963.

Paul M. Green, San Antonio, for appellant.

Clinton G. Brown, Jr., San Antonio, for appellee.

MURRAY, Chief Justice.

This suit was instituted by Jack P. Westbrook against The Millers Mutual Fire Insurance Company of Texas, seeking a declaratory judgment construing his policy of insurance to cover an automobile collision which he had on October 7, 1961, and requiring the Insurance Company to defend him against an action arising from such collision and pay all judgments, costs and expenses in connection therewith, in accord-

ance with the policy issued to him by the Insurance Company. The case was submitted to a jury on eight special issues. Westbrook contends and the Insurance Company admits that the jury's answers to the first six special issues establish the fact that Westbrook did have coverage of his accident of October 7, 1961. The jury in answer to Special Issue No. 7, found that Westbrook did not give written notice of the accident which he had on October 7, 1961, to the Insurance Company, or any of its authorized agents, as soon as practicable after said accident occurred. In answer to Special Issue No. 8, the jury found that on January 11, 1962, A. D. Johnson, a recording agent for the Insurance Company, notified Westbrook that his policy with the defendant did not cover the accident of October 7, 1961, for the sole reason that the policy did not cover him while he was operating a vehicle furnished him by the police department. The trial court sustained defendant's motion to disregard the jury's answer to Question No. 8, and rendered judgment in favor of The Millers Mutual Fire Insurance Company of Texas, from which judgment Jack P. Westbrook has prosecuted this appeal.

■ Appellant, Westbrook, was a narcotics agent for the City of San Antonio Police Department and was in pursuit of a narcotic suspect on San Antonio's East Side when he was involved in a collision with one Ernest Lewis. At the time, he was driving a 1959 Ford Sedan, solid color without marking, with no special or emergency equipment except a portable spot light and a police radio. This car was owned by the City of San Antonio and furnished to appellant for his regular use in the course of his official duties. As heretofore stated, the jury's answers to the first six special issues submitted determined that the insurance policy involved did cover Westbrook while driving this police car. The jury's answer to Special Issue No. 7 found that appellant did not give the written notice required of him by the policy, and thus, clearly, upon the jury's answers to the first seven special is-

sues, the Insurance Company was entitled to a judgment in its favor. Commercial Standard Ins. Co. v. Harper, 129 Tex. 249, 103 S.W.2d 143, 110 A.L.R. 529; Lane v. Anchor Cas. Co., Tex.Civ.App., 355 S.W.2d 90; State Farm Mutual Auto Ins. Co. v. Hinojosa, Tex.Civ.App., 346 S.W.2d 914; Klein v. Century Lloyds, 154 Tex. 160, 275 S.W.2d 95.

This brings us to the only question presented by this appeal, whether or not the jury's answer to Special Issue No. 8 was a sufficient finding upon which the insurance company waived or would be estopped from denying liability because of appellant's failure to give timely written notice of the accident.

■ The accident occurred on October 7, 1961, and the jury's answer to Special Issue No. 8, finding that on January 11, 1962, A. D. Johnson, a recording agent for appellee, did notify appellant that his policy with appellee did not cover the accident for the sole reason that the policy did not cover him while he was operating a vehicle furnished him by the Police Department, was properly disregarded by the trial court. A recording agent of an insurance company has no authority to bind the insurance company by any statement made after a collision has occurred. Wyche v. Trinity Universal Ins. Co., Tex.Civ.App., 198 S.W.2d 158.

■ It is appellant's contention that since Johnson, in his statement of January 11, 1962, informed him that coverage was denied on the sole ground that the policy did not cover an accident had by him while driving a police car, the Insurance Company could not thereafter rely upon the defense that notice of the accident was not timely given. Johnson not having authority, three months after the accident occurred, to make any statement which would bind appellee, the Insurance Company was not precluded at a later date from setting up the failure to give notice as a condition precedent to its liability on the policy.

The judgment is affirmed.