**STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY, Petitioner,**

v.

**William A. MATLOCK et ux., Respondents.**

No. B-1809.

Supreme Court of Texas.

July 8, 1970.

Rehearing Denied July 29, 1970.

Atchely, Russell, Hutchinson & Waldrop, Dale Edwards, and Howard Waldrop, Texarkana, for petitioner.

Harkness, Friedman & Kusin, Harry B. Friedman, Texarkana, for respondents.

POPE, Justice.

We grant the motion for rehearing filed in this cause by State Farm Mutual Automobile Insurance Company, set aside our former judgment which affirmed the judgments of the trial court and court of civil appeals, withdraw our former opinion, and render judgment that William A. Matlock and wife take nothing in their suit against State Farm.

The Matlocks suffered injuries in an accident with a car driven by a man identified in this record only as a man with one leg. They knew the name of this man, but did not testify about his name. Upon the theory that he was an uninsured motorist and without joining him as a defendant, the Matlocks filed a direct action against their own insurer, State Farm, and asserted its liability under its policy terms to cover the Matlocks for damages for bodily injury caused by an uninsured motorist. The Matlocks obtained a judgment in the courts below. 446 S.W.2d 81.

State Farm is before this court upon points which urge that the Matlocks failed to obtain a judgment against the uninsured motorist. It says that a judgment against the uninsured motorist is a condition precedent to the Matlocks' action against State Farm. In our original opinion, we held that neither Article 5.06-1, Insurance Code, V.A.T.S., nor the policy provisions of the insurance contract between State Farm and the Matlocks required the Matlocks to obtain a judgment against an uninsured motorist prior to seeking a judgment against the insurer. State Farm also has a point, which it insistently urges in its motion for rehearing, that the Matlocks failed to prove that the driver of the other vehicle was an uninsured motorist. We are now convinced that State Farm is correct in the contention that the Matlocks failed to discharge their burden of proof in this latter proposition.

Texas has not had an occasion to allocate the burden of proving the uninsured status of an operator in direct actions by an insured against his insurer, but most courts outside of Texas have placed the burden upon the claimant. Southern Farm Bureau Cas. Ins. Co. v. Gottsponer, 245 Ark. 735, 434 S.W.2d 280 (1968); Jordon v. Pacific Auto. Ins. Co., 232 Cal.App. 2d 127, 42 Cal.Rptr. 556; Levy v. American Automobile Ins. Co., 31 Ill.App.2d 157, 175 N.E.2d 607 (1961); Ross v. Hardware Mut. Cas. Co. of Stevens Point, Wis., 13 Misc.2d 739, 173 N.Y.S.2d 941 (1958); Rice v. Aetna Casualty and Surety Co., 267 N.C. 421, 148 S.E.2d 223 (1966). See Widiss, A Guide to Uninsured Motorist Coverage, Sec. 2.39 (1969). The difficulty in proving a negative is recognized in Merchants Mut. Ins. Co. v. Schmid, 56 Misc.2d 360, 288 N.Y.S.2d 822 (1968). We approve this portion of that opinion:

"Since the absence of insurance upon the offending vehicle and its driver is a condition precedent to the applicability of the uninsured driver endorsement, we hold that the burden of proving such absence is upon the claimant. However, we must keep in mind that proving a negative is always difficult and frequently impossible and that, consequently, the quantum of proof must merely be such as will convince the trier of the facts that all reasonable efforts have been made to ascertain the existence of an applicable policy and that such efforts have proven fruitless. In such an event, and absent any affirmative proof by petitioner [the insurance company], the inference may be drawn that there is in fact no insurance policy in force which is applicable."

Mr. Matlock was the only person who testified about the uninsured status of the driver of the other vehicle. He testified that he bought his own policy from Earl Oxford who was the recording agent for State Farm. He said he knew the name of the other driver, but he identified him in this record only as a man with one leg. Plaintiff did not prove the make, model, or license number of the other vehicle, and this information was easily available. We here quote the only evidence which Matlock presented to prove the one-legged operator was an uninsured motorist:

Q. Go ahead. Did Mr. Oxford ever tell you anything about whether or not this man that you had the accident with had liability insurance?

A. He said that he checked with him, and he didn't have any type of insurance.

■ State Farm objected to the answer as hearsay and because there was no proof that Oxford had authority to make statements and admissions that were binding upon State Farm. The trial court overruled the objections. In our opinion, Oxford did not have the authority to bind State Farm by his statement. Oxford, as State Farm's recording agent, sold the policy to the Matlocks, and Matlock testified that Oxford was still with State Farm, "so far as I know." There is no other proof of Oxford's agency powers.

Section 2 of Article 21.14, Insurance Code, defines a local recording agent, and in doing so, states both his powers and limits of powers. It provides:

"By the term 'Local Recording Agent' is meant a person or firm engaged in soliciting and writing insurance, being authorized by an insurance company or insurance carrier, including fidelity and surety companies, to solicit business and to write, sign, execute, and deliver policies of insurance, and to bind companies on insurance risks, and who maintain an office and a record of such business and the transactions which are involved, who collect premiums on such business and otherwise perform the customary duties of a local recording agent representing an insurance carrier in its relation with the public; * * *."

We had occasion to discuss the powers of a recording agent under this statutory provision in Shaller v. Commercial Standard Ins. Co., 158 Tex. 143, 309 S.W.2d 59 (1958). We held that the statute vests "local recording agents with authority co-extensive with that of the company insofar as writing insurance is concerned * * *." We have been cited to no authority which holds that a recording agent, merely by reason of his being a recording agent, possesses powers to bind his principal by his statements or agreements in settlement of claims after the insured sustains a loss. As we said in Shaller the statutory authorization relates essentially to the writing of insurance.

In Westbrook v. Miller's Mutual Fire Ins. Co. of Texas, 374 S.W.2d 248 (Tex. Civ.App. 1963, no writ), the court held that a recording agent did not have authority to bind the insurer by any statement he made after the collision has occurred. See also Wyche v. Trinity Universal Ins. Co., 198 S.W.2d 158 (Tex.Civ.App.1946, no writ); 16A Appleman Insurance Law and Practice, § 9375, p. 871. We think this is a sound rule.

■ We conclude that the Matlocks failed to prove that the other operator was an uninsured motorist. We grant State Farm's motion for rehearing, set aside our judgment of April 1, 1970, and withdraw our opinion, reverse the judgments of the trial court and court of civil appeals, and render judgment that plaintiffs take nothing.

REAVLEY and McGEE JJ., dissenting.

On Rehearing

POPE, Justice.

Respondent, William A. Matlock, in his motion for rehearing correctly urges that

**280**

the judgments of the courts below awarded him damages in the sum of $450.00 pursuant to the provisions of his policy for collision coverage. That award was not made under the uninsured motorist provisions of the policy, and the judgments below, to that extent, should be affirmed. We grant the motion for rehearing in part, and affirm the judgments below in so far as they awarded damages to William A. Matlock against State Farm in the sum of $450.00. The motion for rehearing is otherwise overruled.