**ROYAL INDEMNITY COMPANY,**
Appellant,

v.

**Sheila SENTERFITT et vir, et al.,**
Appellees.

**No. 11860.**

Court of Civil Appeals of Texas,
Austin.

Dec. 15, 1971.

Long, Coleman, Wright & Merriman, E. Lawrence Merriman, Austin, for appellant.

Mack Kidd, Austin, for appellees.

O'QUINN, Justice.

The controlling question in this case is whether the appellees, who were plaintiffs below, discharged their burden of proof that the motor vehicle which struck the rear end of the vehicle in which they were riding was an uninsured automobile, enabling plaintiffs to utilize the uninsured motorist insurance under the policy issued for the vehicle they occupied.

The automobile collision giving rise to this lawsuit occurred early in November of 1969 when a motor vehicle driven by Charles Long, Jr., struck the rear of a vehicle driven by Sandra Oliver in which her sister, Sheila Senterfitt, was a passenger. The two sisters brought this suit against Royal Indemnity Company for recovery of damages under the uninsured motorist provisions of an insurance policy issued by appellant company to the father of appellees.

Appellees as plaintiffs alleged that Long was negligent, that his negligence was a proximate cause of their injuries, and that appellant insurer was liable for the injuries sustained by appellees on the ground that there was no liability insurance applicable to the owner or the operator of the vehicle driven by Long, in that neither the owner nor the operator of the vehicle had a liability insurance policy.

It is undisputed that Long himself was an uninsured motorist. The jury found that Long was negligent and that his negligence in each of several instances was a proximate cause of appellees' injuries. Based on the jury's findings of negligence, proximate cause, and damages, the trial court entered judgment against Royal Indemnity Company from which this appeal has been perfected.

The vehicle Long was driving had been rented by him from Bob Miller Volkswagen, Inc., under a written contract, to be used by Long while his own automobile was being repaired by Bob Miller Volkswagen. Appellant contends in the main that appellees failed to prove non-existence of insurance coverage applicable to the automobile Long was driving because ownership of the vehicle was not affirmatively established.

At the conclusion of testimony the trial court ruled that, as a matter of law, the automobile Long was driving was an uninsured vehicle, and declined to submit the issue to the jury. The court also overruled Royal Indemnity's motion for instructed verdict based on the contention that plaintiffs failed to prove "who had ownership of the automobile . . . driven by . . . Long . . . in this collision."

■ It is settled that appellees, as claimants for benefits under the uninsured motorist endorsement to the insurance contract with appellant, were under the burden of proving that Long and the vehicle he was driving were uninsured. State Farm Mutual Automobile Ins. Co. v. Matlock, 462 S.W.2d 277 (Tex.Sup.1970); Members Mutual Insurance Company v. Tapp, 469 S.W.2d 792 (Tex.Sup.1971).

But the cases of *Matlock* and *Tapp* also make firm the rule that in view of the difficult problem of proving a negative, appellees were under the burden of no more than a convincing quantum of proof that they had made all reasonable efforts to ascertain the existence of an applicable policy and that these efforts proved fruitless. "In such an event and absent any affirmative proof by . . . [the insurance company], the inference may be drawn that there is in fact no insurance policy in force which is applicable." (462 S.W.2d 277, 278, col. 2)

Long testified both by deposition prior to trial and at the trial. It was established without dispute that Long had no liability insurance on his own automobile, which he had left with Bob Miller Volkswagen for repair. It was made clear that if the vehicle

Long had rented from Bob Miller Volkswagen, and was driving at the time of the collision, was covered by insurance, it was not by reason of any policy Long had in force.

In the process of discovery prior to trial appellees took the oral deposition, not only of Long, but of three employees active in management and operation of the Bob Miller Volkswagen company. These employees included the business manager, the service manager, and the service adviser. Both the business manager and the service manager later testified also at the trial.

The discovery procedures established that Long had rented the vehicle that figured in the accident under a written contract, which was introduced in evidence. The record shows that when Long learned that his car would be in the shop for repairs "quite a while," he asked whether he could have a "courtesy car . . . to get to and from work." He was advised by Bob Miller Volkswagen personnel that "they had a courtesy rental, that it would be $4.00 a day and four cents a mile, which was very inexpensive," according to Long. The rental agreement provided that no liability coverage was provided on the rental car, in a clause stating ". . . there is no bodily injury or property damage liability insurance coverage provided by Dealer under this contract . . ."

It is undisputed that Bob Miller Volkswagen rented cars only to customers of the company who had their vehicles in the company's service department for repairs. After the accident giving rise to this lawsuit, Bob Miller Volkswagen towed the rent car to the company's shop, estimated the damage, advised Long that there was no liability or other type of insurance to cover the collision, and demanded that Long pay for damage to the rent car. When Long refused to pay for the damage, Bob Miller Volkswagen sold Long's car to repay the damage done to the rent car.

Bob Miller Volkswagen reported the collision to the dealer's insurance company, Home Insurance Company.

Apparently acting jointly, counsel for Royal Indemnity and for appellees obtained permission of Bob Miller Volkswagen to examine the dealer's files in an effort to discover such insurance contracts as might be applicable to the rent car Long had been driving. Later, at the trial, it was stipulated that only two policies the attorneys found "in a whole folder of insurance policies" would be applicable. These two instruments were introduced in evidence.

The business manager for Bob Miller Volkswagen testified, with an applicable policy before him, that the three named insureds were "Frank Robert Miller Individually, Bob Miller Volkswagen, Incorporated and Continental Cars Rental and Leasing," all with the same address in Austin, Texas. When asked " . . . what is Continental Cars Rental and Leasing, Inc.?" the witness replied, "It was, or is—I'm not sure that it still is—the leasing company that we lease cars out of." The witness' testimony continued:

"Q . . . when this car was rented to Charles Long, who actually had title to the car or in whose name was title registered, in the car that was registered [rented] to Charles Long?

"A I really don't know.

"Q Maybe what I'm trying to get at—the cars that you rent or lease to customers, are they owned by this Continental Cars Rental and Leasing, Inc.?

"A I'd have to find out. I really don't know. I really don't.

"Q Do you know if it's a separate corporate entity?

"A I understand that it is.

"Q Separate and apart then from Bob Miller Volkswagen, Inc.?

"A I understand that it is, yes, sir.

"Q But at any rate Mr. Miller individually and Bob Miller Volkswagen, Inc., and Continental Cars Rental and Leasing, Inc., are all named insured under this policy?

"A Yes."

Home Insurance Company, whose policy was the subject of this examination, denied liability under an endorsement having the effect of excluding rent cars not being operated by employees of one of the insureds. Appellant does not contend that the Home Insurance policy covered the rent car Long was driving at the time of the accident.

It was the uncontradicted testimony of the business manager, the service manager, and the service adviser that liability insurance was never carried by Bob Miller Volkswagen on any rented or leased cars, and that this responsibility was left to the customer renting or leasing a vehicle. Both the service manager and the service adviser testified that rental customers were told that no liability insurance was provided by the dealer and that the customer would have to furnish this type of insurance on the rent car. As noted, the written rental contract with Long also stated that no liability insurance coverage was provided by the dealer under the agreement.

■ After careful examination of the record we conclude that appellees discharged their burden, by a convincing quantum of proof, that they had made reasonable efforts to ascertain the existence of an applicable policy of insurance covering Long and the rent car he was driving, and that these efforts had proved fruitless. Under the doctrine of *Matlock*, in such an event, and absent any affirmative proof by Royal Indemnity Company, the trial court was correct in drawing the inference that there was in fact no insurance policy in force applicable to Long or the vehicle he was operating at the time of the collision. The trial court properly refused to submit issues to the jury on this subject.

We overrule appellant's points of error one through five in this connection.

■ Under points six and seven appellant contends that the trial court erred in submitting issues as to future medical expenses of appellees. The assignments of error as to these issues in appellant's motion for new trial (paragraphs IV, V, and VI) are insufficient to support points six and seven on appeal. The assignments found in the motion for new trial are general and merely direct the trial judge to scan all of appellant's objections. Points six and seven are overruled. Rule 374, Texas Rules of Civil Procedure; Wagner v. Foster, 163 Tex. 333, 341 S.W.2d 887 (1960); Weingarten, Inc. v. Moore, 449 S.W.2d 452 (Tex.Sup.1970).

■ Appellant's eighth point of error urges error of the trial court in excluding testimony of the service adviser for Bob Miller Volkswagen stating his opinion as to the meaning of the clause "full coverage collision protection" contained in the rental contract executed by Long. The rental agreement provided that by paying one dollar per day the customer bought such "collision protection." The rental agreement itself defined "full collision protection" as insurance "coverage only for the deductible provisions of customer's automobile physical damage insurance." The service adviser was not qualified as an expert on the subject, which in itself was collateral to the issue of liability insurance coverage. The trial court did not abuse his discretion in excluding the service adviser's testimony, and point eight is overruled. Wilson v. Scott, 412 S.W.2d 299 (Tex.Sup.1967).

■ Under the ninth point of error appellant contends that the trial court should have permitted the business manager for Bob Miller Volkswagen to testify as to the difference, in the automobile trade, between a rented car and a leased car. The endorsement on Home Insurance Company's policies introduced in evidence, under which Home Insurance denied liability, referred to leased cars and did not use the term "rented cars." The business manager testified that he was not familiar with the two Home Insurance policies and the endorsements. The witness was not qualified to render an opinion as to the definition of terms found in the policies. The trial court did not abuse his discretion in excluding the opinion testimony of the business manager on the subject. Wilson v. Scott, supra.

■ Under its tenth and last point of error appellant contends the trial court should have permitted appellant to introduce evidence and to comment upon the fact that medical bills and property damage incurred by appellees had in fact been paid by appellant as insurer under its contract. The basis for this contention was that counsel for appellees stated to the jury that appellant had failed to honor its contract. Appellant offered no proof that it had paid medical expenses or property damage, and no bill of exception with regard to such evidence is in the record. Appellees' motion *in limine*, which the trial court sustained, required only that appellant take up such matters outside the presence of the jury. We consider appellant's tenth point not preserved on appeal. Galindo v. Garcia, 145 Tex. 507, 199 S.W.2d 499 (1947).

The judgment of the trial court is in all things affirmed.

Affirmed.