**Marian Barron SHAVER, Appellant,**

v.

**Otis Alton SHAVER, Appellee.**

**No. 5111.**

Court of Civil Appeals of Texas,
Waco.

March 23, 1972.

Rehearing Denied April 20, 1972.

T. B. Bartlett, Jr., Marlin, for appellant.

John A. Files, Marshall, for appellee.

OPINION

HALL, Justice.

The appellee, Otis Alton Shaver, and the appellant, Marian Barron Shaver, are husband and wife. They are the parents of three children whose ages are 11, 10 and 7.

On July 16, 1971, the parties were residents of Red River Parish, Louisiana. On that date, Mr. Shaver filed an action in the District Court of that Parish and State seeking a divorce from Mrs. Shaver and permanent custody of the children, and temporary custody of the children while the lawsuit was pending.

On July 17, 1971, Mrs. Shaver left Louisiana with the children, and carried them to the home of her sister, in Falls County, Texas, where they have all since resided.

Mrs. Shaver answered Mr. Shaver's suit for divorce and asked for temporary and permanent custody of the children.

A hearing held in the Louisiana Court on August 2, 1971, which was attended by the parties and their attorneys, resulted in a judgment rendered by that court on September 10, 1971, awarding temporary custody of the children to Mr. Shaver. Mrs. Shaver's motion for new trial in that case was overruled, and she appealed from the judgment to the Court of Appeal, Second Circuit, of the State of Louisiana. Insofar as the record before us shows, that appeal is still pending.

On November 4, 1971, Mr. Shaver filed an application for writ of habeas corpus with the District Court of Falls County, Texas, seeking to gain custody of the children. He pleaded the judgment of the Louisiana District Court, and asked that it be accorded full faith and credit by the Texas court. Mrs. Shaver was duly notified to produce the children in court and

show by what authority she held them and why they should not be returned to Mr. Shaver's custody.

Answering Mr. Shaver's application, Mrs. Shaver pleaded that subsequent to the rendition of the Louisiana court decree material changes of conditions had occurred in several enumerated particulars that affected the best interests of the children; that these changed conditions "were not available to or considered by the Louisiana court in rendering said order"; and that the Texas court should re-examine the custody question and "enter a new order granting to (her) the absolute custody of said minor children."

At the hearing on the application for writ of habeas corpus, held on November 19, 1971, Mr. Shaver adduced proof of the judgment of the Louisiana court awarding custody of the children to him, and rested his case. Counsel for Mrs. Shaver then stated that she "would like to offer testimony regarding changed conditions"; but the court ruled that "in view of the pending litigation in Louisiana" it would "refuse to hear" her proof. Judgment was rendered awarding custody of the children to Mr. Shaver. The court permitted the judgment to be superseded pending appeal.

In her single point of error, Mrs. Shaver complains that the trial court erred in refusing to hear proof in support of her allegations of changed conditions.

The rule is settled that an objection to the exclusion of testimony cannot be considered on appeal if the record does not show what the testimony would have been. 3 Tex.Jur.2d 670, Appeal and Error, Sec. 416. Mrs. Shaver's proffered testimony is not shown in the statement of facts nor by any bill of exception in the record before us. Nothing is presented for review. Gulf Paving Co. v. Lofstedt, 144 Tex. 17, 188 S.W.2d 155, 159 (1945); Galindo v. Garcia, 145 Tex. 507, 199 S.W.2d 499, 500 (1947); Lane v. Security Title & Trust Company, (Tex.Civ.App., 1964, writ ref., n. r. e.) 382 S.W.2d 326, 330–331.

The judgment is affirmed.