**BEACON NATIONAL INSURANCE COMPANY, Appellant,**

v.

**Waymon BURLESON, Jr., et al., Appellees.**

**No. 8110.**

Court of Civil Appeals of Texas, Texarkana.

July 11, 1972.

Rehearing Denied Aug. 1, 1972.

Rex Nichols, Ritter, Nichols & Thibodeaux, Longview, for appellant.

Errol Friedman, Harkness, Friedman & Kusin, Texarkana, for appellees.

DAVIS, Justice.

## A VENUE CASE

Plaintiff-appellee, Waymon Burleson, Jr., and wife, Mae Lois Burleson, and Waymon Burleson, Jr., as next friend of his minor child, Winneola Burleson, sue Beacon National Insurance Company under the uninsured motorists provision as provided by Policy No. FA–32897, for a total of $10,500.00. Defendant-appellant, Beacon National Insurance Company, filed a plea of privilege. The plea of privilege was controverted by Appellees. The plea of privilege was set for hearing. After all the evidence was in, the trial court overruled the plea of privilege. Appellant has perfected its appeal. It brings forward two points of error.

## HISTORY

Appellees did own and hold a public liability insurance policy that provided for damages for uninsured motorists coverage. On April 14, 1971, Appellee, Mrs. Burleson, who was a teacher in the public schools in Atlanta, Cass County, Texas, was driving her car east on Louise Street and stopped at a street intersection, after giving a stop sign and a signal that she intended to turn left off of Louise Street as soon as it would be possible for her to do so with safety. Another man was driving another car, to-wit: Michael Scribner, had stopped his car about one and one-half or two car lengths behind Mrs. Burleson. During the course of the traffic, Billy Wilbanks struck Mr. Scribner's car and knocked it into Appellees' car. Appellees proved all of the necessary facts to maintain venue on Cass County, Texas, except the fact that Billy Wilbanks was guilty of some form of active negligence, or contributory negligence, in the operation of his car, either actual or by circumstantial evidence, and that he did not have public liability insurance.

Prior to the time this suit was filed, Appellees sued Michael Scribner for damages. After a trial before a jury, the trial court entered a judgment that Appellees take nothing.

Appellants say the trial court erred in overruling its plea of privilege to be sued in the County of its residence because the Appellees failed to offer proof of either actual or circumstantial evidence necessary to maintain venue in Cass County, Texas, under Exception 23 of Article 1995, V.A.T.S. Appellant also says the trial court erred in overruling the plea of privilege because the Appellees failed to offer any proof of the necessary venue fact to maintain a suit in Cass County, Texas, under Exception 5 of Article 1995, Vernon's Ann.Tex.Civ.St. Appellees have waived

this part of their controverting plea of privilege whereby suit is maintained in a certain county under some written instrument that provides for performance in that certain county.

■ It seems that Appellees proved many fact situations whereby a suit could be maintained in a certain county outside the residence of the Corporation. Appellees proved the cause of action arose in Cass County, Texas, and the Appellant had an agency in such county. They also proved the Appellees resided at the time the cause of action arose in Cass County, Texas. The Texas Supreme Court in State Farm Mutual Automobile Insurance Company v. Matlock, Tex.Sup.Ct., 1970, 462 S.W.2d, 277, has held that it is necessary to prove each and all of the venue facts as stated in Exception 23, of Article 1995, V.A.T.S. In the case of Matlock, supra, the Supreme Court held that a statement made by a recording agent of an insurance company who actually sold the insurance policy to the defendant, that such defendant did not have public liability insurance, would not be binding upon the insurance company because such statement by the Insured would be hearsay.

■ The evidence shows that a police officer made an investigation of the accident. It further shows he did not issue any tickets to either driver as a result of the collision. Of course the driver of a motor vehicle upon a public highway is not required to keep a proper lookout to his rear to relieve him of being guilty of contributory negligence. Wyatt v. Sears Roebuck & Co., CCA, 1972, 480 S.W.2d 7.

There is no evidence of any negligence whatever on the part of Mr. Wilbanks. The collision occurred at a street intersection where there was no stop light or stop sign on Louise Street that would be a circumstance that would require Mr. Wilbanks to stop that would constitute contributory negligence on his part. Appellees failed to put on any evidence that would constitute contributory negligence on the part of Mr. Wilbanks that caused the collision.

Point No. 1 is sustained.

■ This case has not been fully developed. Therefore, we deem it necessary to reverse and remand the case to the trial court so that the Appellees can offer further evidence as to whether or not Billy Wilbanks was an uninsured motorist and whether or not he was actually guilty of negligence or offer any circumstances that will prove that he was guilty of any contributory negligence whereby venue can be maintained in Cass County, Texas. Jackson v. Hall, 1948, 147 Tex. 245, 214 S.W.2d 458.

Reversed and remanded.