**Frank S. ROSE, Appellant,**

v.

**ALLIED FINANCE COMPANY OF OAK FOREST, Appellee.**

**No. 5212.**

Court of Civil Appeals of Texas, Waco.

Nov. 22, 1972.

McAninch & Associates, Inc., Billy E. McAninch, Houston, for appellant.

Locke, Purnell, Boren, Laney & Neely, John Guittard & John D. Crawford, Dallas, for appellee.

OPINION

McDONALD, Chief Justice.

This is an appeal by defendant Rose from judgment against him for plaintiff Allied for $468.05, in suit on a guaranty contract.

Plaintiff Allied sued Doris Baker (on a note she executed to Film Mart Inc. which Film Mart sold to plaintiff), and Rose and Knowles on a guaranty contract executed

by them guaranteeing notes Film Mart should sell to plaintiff.

Defendant answered that he was induced to sign the guaranty by fraud, and the guaranty was not to be effective until signed by an additional party.

Default judgment was rendered against Doris Miller, and plaintiff dismissed as to Knowles.

Trial to the court without a jury resulted in judgment against Rose for $468.05 on the guaranty contract.

Defendant Rose appeals on 3 points:

1) The court should not have excluded testimony of defendant Rose concerning the circumstances under which the guaranty agreement was signed.

2) The court should not have excluded testimony of defendant Rose and witness Ross concerning delivery of the signed guaranty agreement to plaintiff Allied.

3) The court should not have rendered judgment for plaintiff on the basis of the guaranty agreement when nothing in the record reflects any attempt to join the principal obligor in the suit or any statutory exception for not doing so.

Defendant Rose, Knowles, and Knowles' wife, were incorporators of a business called Film Mart, Inc., which sold photographic equipment. Rose put up the necessary money, and Knowles was the manager. Film Mart entered an agreement with plaintiff whereby plaintiff purchased installment notes from Film Mart, executed by purchasers of merchandise. Defendant Rose, and Knowles executed a guaranty contract, guaranteeing payment to plaintiff of notes it might purchase from Film Mart. The guaranty contract was prepared for signature by Rose, Knowles and a party named Kennedy. Kennedy did not sign the guaranty contract. Doris Baker did not pay her note for merchandise purchased from Film Mart, which note had been sold to plaintiff. There is evidence Knowles "skipped out" when Film Mart

became "way in the red", and that "the business broke up".

Contentions 1 and 2 assert the trial court erred in excluding testimony of defendant and witness Ross, concerning circumstances under which the guaranty was signed and delivered.

■ The rule is that an objection to the exclusion of testimony cannot be considered on appeal if the record does not show what the testimony would have been. The record contains no showing of what the witnesses' testimony would have been either by Bill of Exception or in the Statement of Facts. Nothing is presented for review. Gulf Paving Co. v. Lofstedt, 144 Tex. 17, 188 S.W.2d 155; Galindo v. Garcia, Tex., 199 S.W.2d 499; Shaver v. Shaver, Tex.Civ.App., NRE, 478 S.W.2d 871.

■ Contention 3 asserts the judgment improper because nothing in the record reflects any attempt to join the principal obligor in the suit, or any statutory exception for not doing so.

Rule 31 Texas Rules of Civil Procedure provides "no surety shall be sued unless his principal is joined with him * * * *except in cases otherwise provided for in the law * * *.*"*

Article 1987 Vernon's Ann. T.S. provides the "guarantor and surety upon a contract * * * may be sued without suing the * * * principal obligor, when the principal obligor * * * is * * * *actually or notoriously insolvent."*

Film Mart collapsed around September 1970, its financial condition was "way in the red"; and its manager Knowles "skipped out". We think the exception of Article 1987 above authorized plaintiff's suit against defendant without joinder of Film Mart, the principal obligor.

All defendant's points are overruled.

Affirmed.