**Charles Edward NICHOLS, Appellant,**

v.

**INTERNATIONAL HARVESTER CREDIT CORPORATION, Appellee.**

**No. 15512.**

Court of Civil Appeals of Texas, San Antonio.

Feb. 18, 1976.

Robert M. Bandy, Tyler, for appellant.

Richard F. Halter, San Antonio, for appellee.

BARROW, Chief Justice.

Appellant, a resident of Anderson County, has perfected his appeal from an order overruling his plea of privilege in appellee's suit against three guarantors of four notes signed by Metro-Mix, Inc. Appellee relies on Subdivision 4,[1] of Article 1995, Tex.Rev. Civ.Stat.Ann., to maintain venue in Bexar County as to appellant.

The hearing was held before the court. Findings of fact were filed wherein the court found: Metro-Mix, Inc. entered into four retail installment contracts with appellee in 1973; written guarantees of payment of these contracts were signed by appellant, a resident of Anderson County, as well as Clinton Weilbacher and James E. Engleman, residents of Bexar County; Metro-Mix was adjudged bankrupt on October 23, 1974, and the sum of $24,502.07 remains unpaid on said installment contracts. The

---

1. The facts required to sustain venue under Subdivision 4 of Article 1995 are: (1) one defendant resides in the county of suit; (2) the party asserting his privilege is at least a proper party to the claim against the resident defendant; and (3) the plaintiff has a bona fide claim against the resident defendant. Cage v. Guerra, 511 S.W.2d 397 (Tex. Civ.App.—San Antonio 1974, no writ); 1 McDonald, Texas Civil Practice, § 4.10.2(II), p. 434 (1965 rev.).

**898**

trial court concluded that the appellee had proved a cause of action against the two resident defendants of Bexar County and that appellee had alleged, and in fact proved, a joint cause of action against appellant and the two Bexar County residents. The court therefore concluded that venue was sustainable against appellant under Subdivision 4, Article 1995.

Appellant complains of the findings of fact and the conclusion that venue was sustainable under Subdivision 4 by several points of error. He urges that appellee did not prove a cause of action against any of the guarantors in that there was no competent evidence that Metro-Mix, Inc. was bankrupt and, in any event, the guarantors had been released by appellee.

■ There was introduced into evidence without objection an official notice to creditors which originated from the United States District Court for the Western District of Texas. It was signed by Judge Bert W. Thompson, Bankruptcy Judge, and recited that Metro-Mix, Inc. had been adjudged a bankrupt on a petition filed by it on October 23, 1974. This instrument was properly admissible under Article 3731a, Section 2, Tex.Rev.Civ.Stat.Ann., which provides in part:

> Any written instrument which is permitted or required by law to be made, filed, kept or recorded . . . by an officer or clerk of the United States . . . or by his deputy or employee . . . shall, so far as relevant, be admitted in the courts of this State as evidence of the matter stated therein . . . . .

■ The trial court's finding that Metro-Mix, Inc. was adjudged a bankrupt is fully supported by the evidence. This bankruptcy matured the guarantors' obligations and permitted suit against them without joinder of Metro-Mix, Inc. as a party-defendant. *Rose v. Allied Finance Company of Oak Forest*, 487 S.W.2d 861 (Tex.Civ.App.— Waco 1972, no writ); *Spillyards v. Ferris Brick Company*, 390 S.W.2d 837 (Tex.Civ. App.—Waco 1965, no writ); *Brooks v.*

*American National Bank of Beaumont,* 103 S.W.2d 246 (Tex.Civ.App.—Beaumont 1937, writ dism'd).

■ The evidence shows that Joe F. Morales, one of the four guarantors, was released from all liability, and appellant urges that this release had the effect of releasing all guarantors. It is seen that appellant did not affirmatively plead release as required by Rule 94, Tex.R.Civ.P. In any event, the effect of such release is an affirmative defense which was not in issue at the hearing of the plea of privilege. *Compton v. Elliott,* 126 Tex. 232, 88 S.W.2d 91 (1935); 1 McDonald, Texas Civil Practice, § 4.10.2(II), p. 434 (1965 rev.).

■ Reversible error is not shown by appellant's complaint of the erroneous finding by the trial court that appellee's home office is in Dallas, Texas, in lieu of Chicago, Illinois.

■ The trial court did not err in concluding from the evidence on this hearing that venue was properly sustainable in Bexar County against appellant under Subdivision 4 of Article 1995.

The judgment is affirmed.