Raul C. FRANCO et ux., Petitioners,

v.

ALLSTATE INSURANCE COMPANY,
Respondent.

No. B-4128.

Supreme Court of Texas.

Feb. 13, 1974.

Rehearing Denied March 13, 1974.

Tinsman & Houser, Inc., Gordon W. Jones, Jr., and Richard Tinsman, San Antonio, for petitioners.

1. Article 5526 provides in pertinent parts as follows:
"Actions to be commenced in two years

\*  \*  \*  \*  \*

Groce, Locke & Hebdon, James D. Guess and Charles R. Shaddox, San Antonio, for respondent.

DANIEL, Justice.

Raul C. Franco and wife seek to recover from Allstate Insurance Company, under the uninsured motorist provision of their insurance policy, for the death of their daughter and personal injuries to Mr. Franco, arising out of an accident alleged to have been caused by the negligence of an uninsured motorist. Their suit was filed approximately three years after the date of the accident and death. The question is whether the two or four year statute of limitations is applicable to either or both of the claims asserted.

The trial court applied the two year statute to both counts and rendered summary judgment for Allstate that plaintiffs take nothing. The Court of Civil Appeals reversed as to the claim for personal injuries received by Franco and affirmed as to the claim arising out of the death of the daughter, holding that the four year statute of limitations was applicable to the former and that the two year statute was applicable and therefore a bar to the latter. 496 S.W.2d 150. We hold that the four year statute is applicable to both of the causes of action. We reverse the judgments of the lower courts and remand for trial on the merits.

Both Allstate and the Francos are petitioners here, each complaining of that portion of the judgment of the Court of Civil Appeals which was unfavorable to their respective contentions.

Allstate insists that both the claim for personal injuries and the claim for death are subject to the two year statute of limitations,[1] because they arise not out of a

" .   .  .
"6. Action for injury done to the person of another.
"7. Action for injury done to the person of another where death ensued from such injury;

debt but from a tort alleged to have been committed by the uninsured motorist, Jesus Alderete. No suit has been instituted against Alderete. In any event, Allstate argues that the death claim is barred by the two year statute because Subdivision 7 of Article 5526 limits the time in which a wrongful death action may be brought; that it must be read together with and as a substantive portion of Article 4671, which creates the cause of action for wrongful death. Its reasoning in this connection was adopted by and is set forth in the majority opinion of the Court of Civil Appeals.

On the other hand, the Francos contend that this suit, as to both the personal injury and death claims, is based upon a written contract, i. e., an insurance policy issued to them by Allstate providing protection to the extent of $10,000.00 per person because of "bodily injury, sickness or disease, including death," resulting from the negligence of owners or operators of uninsured motorist vehicles.[2] Therefore, the Francos contend that the four year statute relating to suits on contracts is applicable.[3]

■ Although this is a case of first impression in Texas on the precise point presented with respect to the obligation of an insurance company under the uninsured motorist clause, the general rule is well established that similar claims for indemnity or losses under other insurance policies are based upon contracts in writing within the meaning of the four year statute of limitations. Universal Life & Accident Insurance Co. v. Shaw, 139 Tex. 434, 163 S.W. 2d 376 (1942).

Other jurisdictions have faced the specific question now before us with respect to actions against the insurer based upon uninsured motorist provisions, and the great weight of authority is that the applicable statute of limitation is the one for written contracts rather than for torts. Hartford Accident & Indemnity Co. v. Mason, 210 So.2d 474 (Fla.App.1968); Booth v. Fireman's Fund Insurance Co., 253 La. 521, 218 So.2d 580 (1969); Application of Travelers Indem. Co., 226 N.Y.S.2d 16 (Sup.Ct.1962); DeLuca v. Motor Vehicle Accident Indemnity Corp., 17 N.Y.2d 76, 268 N.Y.S.2d 289, 215 N.E.2d 482 (N.Y. Ct.App.1966); Schleif v. Hardware Dealer's Mutual Fire Insurance Company, 218 Tenn. 489, 404 S.W.2d 490 (1966); Horne v. Superior Life Insurance Co., 203 Va. 282, 123 S.E.2d 401 (1962); 28 A.L.R.3d 580, 584–587; Long, The Law of Liability Insurance, Sec. 24.20 (1969); Dudley, Uninsured Motorist Problems, 33 Tex.Bar Jour. 356 (May 1970); Comment, 48 Calif.Law Rev. 516 (1960).

The reasoning of the courts and the texts is that, although ultimate recovery in

---

and the cause of action shall be considered as having accrued at the death of the party injured. . . . "

All Article references are to Vernon's Annotated Texas Civil Statutes unless otherwise noted.

2. The insurance company's liability under its uninsured motorist coverage is delineated in Article 5.06–1, Tex.Ins.Code, V.A.T.S., effective October 1, 1967, which provides in part as follows: "No automobile liability insurance . . . covering liability arising out of the ownership, maintenance, or use of any motor vehicle shall be delivered or issued for delivery in this state unless coverage is provided therein or supplemental thereto, in the limits described in the Texas Motor Vehicle Safety-Responsibility Act, under provisions prescribed by the Board, for the protec-

tion of persons insured thereunder who are legally entitled to recover damages from owners or operators of uninsured motorist vehicles because of bodily injury, sickness or disease, including death, resulting therefrom."

3. Article 5527 provides in pertinent parts as follows:

"What actions barred in four years

\* \* \* \* \*

"There shall be commenced and prosecuted within four years after the cause of action shall have accrued, and not afterward, all actions or suits in court of the following description:

"1. Actions for debt where the indebtedness is evidenced by or founded upon any contract in writing.

" . . . "

this type of action depends upon proof of damages due to the tort of an uninsured third party, the cause of action against the insurer arises by reason of the written contract. Allstate attacks this conclusion with the same or similar arguments as those which were advanced and rejected in other jurisdictions. It insists that its insurance agreement creates no "debt" within the meaning of Subdivision 1 of Article 5527; that its liability is limited to what plaintiffs are "legally entitled to recover" from the tortfeasor; and that its right to assert all defenses available to the tortfeasor should include the right to assert the same limitation statute which would have been available to the uninsured motorist in a tort action. Most of these arguments were discussed and properly disposed of in the majority opinion of the Court of Civil Appeals. We shall add only that Allstate's narrow definition of the term "debt" as a sum certain, rather than a sum which can be ascertained by proof, would eliminate many types of written insurance and indemnity agreements from coverage by the four year statute of limitations. It would be contrary to the general rule relating to insurance contracts as stated in the cases cited by the Court of Civil Appeals. See also Certain-Teed Products Corp. v. Bell, Tex., 422 S.W.2d 719 (1968).

Further, the phrase "legally entitled to recover" has been interpreted to mean simply that the insured must be able to show fault on the part of the uninsured motorist and the extent of the resulting damages, and that it is not a bar to recovery from the insurer because the tortfeasor could have interposed a statute of limitations. DeLuca v. Motor Vehicle Accident Indemnity Corp., *supra*; Booth v. Fireman's Fund Insurance Co., *supra*. The same cases also hold that the insurer, in defending its liability under the contract, does not succeed to the right of the uninsured motorist to interpose the procedural defense of limitations which would be available to the motorist in a tort action. See 12 Couch on Insurance 2d, Sec. 45.627, p. 571 (1968).

The majority opinion of the Court of Civil Appeals contains an excellent discussion and documentation of the authorities which led to the conclusion that this suit is based upon a written contract and that the four year statute of limitations is applicable, at least to the claim for personal injuries. Our only disagreement is that the majority did not extend the same reasoning and conclusion to the claim for injuries which caused the death of the Franco daughter. Both claims arose from the same accident; both causes of action stand squarely upon the same contract of insurance. Why should the contract statute of limitations apply to one but not the other?

The majority opinion treats Subdivision 7 of Article 5526 as though it were a substantive portion of Article 4671, the wrongful death statute, rather than part of a separate procedural statute of limitations. Upon that premise, it reaches the conclusion that any action for recovery due to injuries resulting in death, whether ex delicto or ex contractu, is absolutely barred and extinguished if filed more than two years after the date of death. We disagree with both the premise and the conclusion.

■ It is true that actions for wrongful death did not exist at common law. Therefore, the general rule is that provisions in statutes authorizing such actions, which limit the time within which the actions shall be brought, are not procedural statutes of limitations, but are substantive qualifications and conditions restricting the right to bring wrongful death actions. See our application of the rule to Louisiana and California statutes in Frances v. Herrin Transportation Co., 432 S.W.2d 710 (Tex.1968), and State of California v. Copus, 158 Tex. 196, 309 S.W.2d 227 (1958), respectively.

■ However, this is not a wrongful death action. Neither does the above rule apply to the Texas wrongful death statute, because its provisions do not contain any time limitations. The right of action is authorized by Article 4671, while the time

limitation for filing such an action is found in Article 5526, which is a general statute of limitations.[4] Thus, Subdivision 7 relating to actions for injury to the person of another where death ensued from such injury, is no more preemptive than Subdivision 6 relating to personal injuries, or the other subdivisions of Article 5526. None of them purport to extinguish the claims or to be substantive or preemptive portions of any statutes authorizing the actions. All are simply subdivisions of a general limitations statute, which is procedural and may be waived if not affirmatively pleaded. Rule 94, Texas Rules of Civil Procedure.

Both the Legislature and the courts have treated Subdivision 7 of Article 5526 as procedural rather than substantive. Article 5538 provides for tolling the statute in certain instances not applicable here. It was held in Texas Utilities Co. v. West, 59 S.W.2d 459 (Tex.Civ.App.1933, writ ref.), that the statutory cause of action for wrongful death brought by minor children was not barred because of their guardian's failure to bring suit within two years after her appointment. See also Buss v. Robinson, 255 S.W.2d 339 (Tex.Civ.App.1952, writ ref. n.r.e.).

■ Since this suit is ex contractu rather than ex delicto, both as to the claim based upon the death of the Franco daughter and as to Franco's claim for personal injuries, it is governed by the contract statute of limitations. Neither claim was extinguished by the running of the two year limitation period applicable to tort actions. Hence, the four year statute of limitations (Article 5527[1]) is applicable to both causes of action.

Accordingly, the judgments of the courts below are reversed and the case is remanded to the trial court for further proceedings in accordance with this opinion.

---

4. We have noted Allstate's argument to the contrary, based on the fact that the first wrongful death statute in 1860 contained a one year limitation. 4 Laws of Texas, 1394. However, the present statute, Article 4671, enacted in 1921, and all versions enacted since 1860, authorize actions for injuries causing deaths without providing any time limitation within which such actions should be brought. Since at least 1897, the only limitation on such actions has been enacted and re-enacted as part of the general statutes of limitations. Acts 1897, p. 12, and other derivative sources listed under Article 5526, Subdiv. 7.