NO. 07-03-0330-CV



IN THE COURT OF APPEALS



FOR THE SEVENTH DISTRICT OF TEXAS



AT AMARILLO



PANEL E



OCTOBER 28, 2004



______________________________




IN RE TEACHERS INSURANCE COMPANY, RELATOR


_______________________________



Before JOHNSON, C.J., and REAVIS, J. and BOYD, S.J. (1)

MEMORANDUM OPINION


 Teachers Insurance Company seeks issuance of a writ of mandamus directing the
trial judge to vacate that part of his order denying Teachers' motion to sever an uninsured
motorist claim from the negligence action against the uninsured motorist. We deny the
petition.

BACKGROUND

 Real Party in Interest Jan McDonald filed suit alleging that he and his automobile
were in collision with a vehicle being driven by Diana Lane in the course and scope of her
employment with City Church Outreach Ministries ("the Church"). McDonald alleged that
Lane and the Church were negligent in causing the collision and were not covered by
liability insurance. McDonald was covered by an uninsured/underinsured motorist (UIM)
policy issued by Teachers which provided that, "[Teachers] will pay damages which a
covered person is legally entitled to recover from the owner or operator of an uninsured
motor vehicle because of bodily injury . . . or property damage caused by an accident." 

 McDonald sued Lane and the Church ("the underlying negligence claim"), then
amended his petition to add Teachers as a party. He claimed that Teachers should be
liable to him under its UIM policy. McDonald also alleged that Teachers violated Article
21.55 of the Texas Insurance Code by failing to accept or reject his claim and delaying
payment. 

 Teachers answered and moved the trial court to sever and abate McDonald's entire
claim against Teachers until resolution of the underlying negligence action. The trial court
granted Teachers' motion regarding the Article 21.55 claim, see In re Trinity Universal Ins.
Co., 64 S.W.3d 463 (Tex.App.-Amarillo 2001, orig. proceeding), but denied the request
to sever and abate the UIM claim. Teachers then filed the instant proceeding seeking
issuance of a writ of mandamus directing the trial court to sever the UIM claim from the
underlying negligence action.

MANDAMUS

 A writ of mandamus is an extraordinary remedy that will issue only (1) to correct a
clear abuse of discretion or the violation of a duty imposed by law, and (2) when there is
no other adequate remedy at law. See Canadian Helicopters Ltd. v. Wittig, 876 S.W.2d
304, 305 (Tex. 1994). The party seeking mandamus must prove both elements before the
writ will issue. Id.

 To establish the first requirement for mandamus relief, an abuse of discretion, the
complaining party must demonstrate that the trial court acted unreasonably, arbitrarily, or
without reference to guiding rules and principles. Downer v. Aquamarine Operators, Inc.,
701 S.W.2d 238, 241-42 (Tex. 1985). 

 If a relator establishes that an abuse of discretion occurred, to be entitled to
mandamus relief, a relator must also demonstrate the second of the two-part requirement
for mandamus: that he or she has no adequate remedy at law to redress the harm. Walker
v. Packer, 827 S.W.2d 833, 840-42 (Tex. 1992). Merely showing reversible error will not
satisfy this requirement. In re Masonite Corp., 997 S.W.2d 194, 199 (Tex. 1999). This
second requirement is met only when a party is in danger of permanently losing substantial
rights if the ruling of the trial court is allowed to stand. See Canadian Helicopters Ltd., 876
S.W.2d at 306. The requirement is not satisfied by merely showing that appeal would
involve more expense or delay than obtaining a writ of mandamus. See CSR Ltd. v. Link,
925 S.W.2d 591, 596 (Tex. 1996).

ADEQUATE REMEDY


 In addressing the second requirement for issuance of mandamus, that it has no
adequate remedy at law to redress the harm, Teachers does not provide authority, but
references parts of its brief in which it argues that the trial court abused its discretion in
failing to sever the UIM and underlying negligence claims. In asserting that it will
permanently lose substantial rights and will have no adequate remedy by appeal absent
issuance of mandamus, Teachers, in substance, urges that (1) the UIM and underlying
negligence claims are not substantially interwoven; (2) because McDonald has not first
obtained a settlement or final judgment against Lane and Church, he is not "legally entitled
to recover" under the UIM policy, and Teachers will have to endure the expense and effort
of preparing and defending the UIM claim which might be disposed of by a prior trial of the
negligence claim; and (3) Teachers has a right to defend the claim against it without
introduction of evidence of the presence or absence of liability insurance.

 Teachers' assertion that the claims are substantially interwoven relates to whether
the trial court abused its discretion in failing to sever the claims, not whether Teachers will
have an adequate remedy by appeal. See Guaranty Fed. Sav. Bank v. Horseshoe
Operating Co., 793 S.W.2d 652, 658 (Tex. 1990). We do not consider this assertion in
connection with whether Teachers has an adequate remedy by appeal. 

 Teachers' second contention is, in effect, that McDonald's UIM claim is not ripe for
adjudication because he has not obtained a final judgment or settlement from an uninsured
motorist and, therefore, Teachers will be forced to incur expenses in defending against a
claim that might not mature because McDonald might not prevail in his negligence
assertions against Lane and the Church. Teachers' argument fails for two reasons. First,
the UIM policy does not require that McDonald must "ripen" his claim by obtaining a
judgment against an uninsured motorist before pursuing a UIM claim against Teachers; it
provides that Teachers will be liable for damages which a covered person is legally entitled
to recover from the owner or operator of an uninsured motor vehicle. The phrase "legally
entitled to recover," as used in UIM policies, means that the insured must be able to show
fault on the part of the uninsured motorist and the extent of the resulting damages. See
Franco v. Allstate Ins. Co., 505 S.W.2d 789, 792 (Tex. 1974). This legal entitlement can
be established in either a direct action against the UIM carrier or in a suit against the
uninsured motorist. See Id.; State Farm Mut. Auto. Ins. Co. v. Matlock, 462 S.W.2d 277,
278 (Tex. 1970). The second reason is that the expense of defending McDonald's suit and
prosecuting an appeal, if necessary, is not a permanent loss of substantial rights such as
warrants issuance of mandamus. See CSR Ltd., 925 S.W.2d at 956; Canadian
Helicopters Ltd., 876 S.W.2d at 306. 

 Teachers references Henson v. Southern Farm Bureau Cas. Ins. Co., 17 S.W.3d
652 (Tex. 2000) in regard to its argument that McDonald's claim is not ripe because a UIM
claim does not accrue until such time as the third party tortfeasor's liability and the amount
of damages have been established by trial. In Henson, however, the issue was not
whether suing the UIM insurer and the uninsured/underinsured tortfeasor in the same suit
would result in the UIM carrier's permanent loss of substantial rights. The issue was when
a UIM claim accrued for purposes of calculating interest. We do not consider Henson to
control the issue before us. 

 Teachers next contends that allowing the underlying negligence claim and the UIM
claim to be tried together will deny it an adequate remedy by appeal because such a trial
will necessarily require proof of the presence or absence of liability insurance. Teachers,
in a manner, references In re Koehn, 86 S.W.3d 363 (Tex.App.-Texarkana 2002, orig.
proceeding). Koehn, however, involved assertions by the allegedly underinsured negligent
tortfeasor that trying the UIM claim and the negligence claim together would prejudice the
tortfeasor because the presence and amount of the tortfeasor's liability insurance would
be introduced into evidence. See Tex. R. Evid. 411. In the matter before us there is no
claim by Lane or the Church that they will be prejudiced by evidence that they had no, or
insufficient, liability insurance to cover McDonald's damages from the collision. The issue
presented in Koehn is dissimilar to that presented by Teachers. 

 Finally, Teachers urges that trial of the UIM and underlying negligence claims
together will prejudice Teachers because the existence of insurance will be injected into
the case, the jury will be more likely to find Lane and the Church negligent and award
higher damages, and the likelihood that Teachers' UIM liability would be triggered will be
increased. Whatever the merits of Teachers' argument, we consider it to have been
foreclosed by the Supreme Court. See Franco, 505 S.W.2d at 792; Matlock, 462 S.W.2d
at 278. 

 We conclude that Teachers has not met its burden to prove that trial of the UIM
claim and the negligence claim in the same proceeding would deny it an adequate remedy
at law. Our conclusion makes it unnecessary to address Teachers' claim that the trial court
abused its discretion in refusing to sever the UIM claim from the underlying negligence
claim. See Tex. R. App. P. 47.1. 

 The petition for writ of mandamus is denied.

 Phil Johnson

 Chief Justice

1. John T. Boyd, Chief Justice (Ret.), Seventh Court of Appeals, sitting by
assignment.