NO. 07-03-0330-CV

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL E

OCTOBER 28, 2004

_____

IN RE TEACHERS INSURANCE COMPANY, RELATOR
_____

Before JOHNSON, C.J., and REAVIS, J. and BOYD, S.J.[1]

**MEMORANDUM OPINION**

Teachers Insurance Company seeks issuance of a writ of mandamus directing the trial judge to vacate that part of his order denying Teachers' motion to sever an uninsured motorist claim from the negligence action against the uninsured motorist. We deny the petition.

BACKGROUND

Real Party in Interest Jan McDonald filed suit alleging that he and his automobile were in collision with a vehicle being driven by Diana Lane in the course and scope of her employment with City Church Outreach Ministries ("the Church"). McDonald alleged that Lane and the Church were negligent in causing the collision and were not covered by

_____

[1]John T. Boyd, Chief Justice (Ret.), Seventh Court of Appeals, sitting by assignment.

liability insurance. McDonald was covered by an uninsured/underinsured motorist (UIM) policy issued by Teachers which provided that, "[Teachers] will pay damages which a covered person is legally entitled to recover from the owner or operator of an uninsured motor vehicle because of bodily injury . . . or property damage caused by an accident."

McDonald sued Lane and the Church ("the underlying negligence claim"), then amended his petition to add Teachers as a party. He claimed that Teachers should be liable to him under its UIM policy. McDonald also alleged that Teachers violated Article 21.55 of the Texas Insurance Code by failing to accept or reject his claim and delaying payment.

Teachers answered and moved the trial court to sever and abate McDonald's entire claim against Teachers until resolution of the underlying negligence action. The trial court granted Teachers' motion regarding the Article 21.55 claim, see In re Trinity Universal Ins. Co., 64 S.W.3d 463 (Tex.App.–Amarillo 2001, orig. proceeding), but denied the request to sever and abate the UIM claim. Teachers then filed the instant proceeding seeking issuance of a writ of mandamus directing the trial court to sever the UIM claim from the underlying negligence action.

MANDAMUS

A writ of mandamus is an extraordinary remedy that will issue only (1) to correct a clear abuse of discretion or the violation of a duty imposed by law, and (2) when there is no other adequate remedy at law. See Canadian Helicopters Ltd. v. Wittig, 876 S.W.2d

304, 305 (Tex. 1994). The party seeking mandamus must prove both elements before the writ will issue. Id.

To establish the first requirement for mandamus relief, an abuse of discretion, the complaining party must demonstrate that the trial court acted unreasonably, arbitrarily, or without reference to guiding rules and principles. Downer v. Aquamarine Operators, Inc., 701 S.W.2d 238, 241-42 (Tex. 1985).

If a relator establishes that an abuse of discretion occurred, to be entitled to mandamus relief, a relator must also demonstrate the second of the two-part requirement for mandamus: that he or she has no adequate remedy at law to redress the harm. Walker v. Packer, 827 S.W.2d 833, 840-42 (Tex. 1992). Merely showing reversible error will not satisfy this requirement. In re Masonite Corp., 997 S.W.2d 194, 199 (Tex. 1999). This second requirement is met only when a party is in danger of permanently losing substantial rights if the ruling of the trial court is allowed to stand. See Canadian Helicopters Ltd., 876 S.W.2d at 306. The requirement is not satisfied by merely showing that appeal would involve more expense or delay than obtaining a writ of mandamus. See CSR Ltd. v. Link, 925 S.W.2d 591, 596 (Tex. 1996).

## ADEQUATE REMEDY

In addressing the second requirement for issuance of mandamus, that it has no adequate remedy at law to redress the harm, Teachers does not provide authority, but references parts of its brief in which it argues that the trial court abused its discretion in failing to sever the UIM and underlying negligence claims. In asserting that it will

-3-

permanently lose substantial rights and will have no adequate remedy by appeal absent issuance of mandamus, Teachers, in substance, urges that (1) the UIM and underlying negligence claims are not substantially interwoven; (2) because McDonald has not first obtained a settlement or final judgment against Lane and Church, he is not "legally entitled to recover" under the UIM policy, and Teachers will have to endure the expense and effort of preparing and defending the UIM claim which might be disposed of by a prior trial of the negligence claim; and (3) Teachers has a right to defend the claim against it without introduction of evidence of the presence or absence of liability insurance.

Teachers' assertion that the claims are substantially interwoven relates to whether the trial court abused its discretion in failing to sever the claims, not whether Teachers will have an adequate remedy by appeal. See Guaranty Fed. Sav. Bank v. Horseshoe Operating Co., 793 S.W.2d 652, 658 (Tex. 1990). We do not consider this assertion in connection with whether Teachers has an adequate remedy by appeal.

Teachers' second contention is, in effect, that McDonald's UIM claim is not ripe for adjudication because he has not obtained a final judgment or settlement from an uninsured motorist and, therefore, Teachers will be forced to incur expenses in defending against a claim that might not mature because McDonald might not prevail in his negligence assertions against Lane and the Church. Teachers' argument fails for two reasons. First, the UIM policy does not require that McDonald must "ripen" his claim by obtaining a judgment against an uninsured motorist before pursuing a UIM claim against Teachers; it provides that Teachers will be liable for damages which a covered person is legally entitled to recover from the owner or operator of an uninsured motor vehicle. The phrase "legally

-4-

entitled to recover," as used in UIM policies, means that the insured must be able to show fault on the part of the uninsured motorist and the extent of the resulting damages. See Franco v. Allstate Ins. Co., 505 S.W.2d 789, 792 (Tex. 1974). This legal entitlement can be established in either a direct action against the UIM carrier or in a suit against the uninsured motorist. See Id.; State Farm Mut. Auto. Ins. Co. v. Matlock, 462 S.W.2d 277, 278 (Tex. 1970). The second reason is that the expense of defending McDonald's suit and prosecuting an appeal, if necessary, is not a permanent loss of substantial rights such as warrants issuance of mandamus. See CSR Ltd., 925 S.W.2d at 956; Canadian Helicopters Ltd., 876 S.W.2d at 306.

Teachers references Henson v. Southern Farm Bureau Cas. Ins. Co., 17 S.W.3d 652 (Tex. 2000) in regard to its argument that McDonald's claim is not ripe because a UIM claim does not accrue until such time as the third party tortfeasor's liability and the amount of damages have been established by trial. In Henson, however, the issue was not whether suing the UIM insurer and the uninsured/underinsured tortfeasor in the same suit would result in the UIM carrier's permanent loss of substantial rights. The issue was when a UIM claim accrued for purposes of calculating interest. We do not consider Henson to control the issue before us.

Teachers next contends that allowing the underlying negligence claim and the UIM claim to be tried together will deny it an adequate remedy by appeal because such a trial will necessarily require proof of the presence or absence of liability insurance. Teachers, in a manner, references In re Koehn, 86 S.W.3d 363 (Tex.App.–Texarkana 2002, orig. proceeding). Koehn, however, involved assertions by the allegedly underinsured negligent

tortfeasor that trying the UIM claim and the negligence claim together would prejudice the tortfeasor because the presence and amount of the tortfeasor's liability insurance would be introduced into evidence. See TEX. R. EVID. 411. In the matter before us there is no claim by Lane or the Church that they will be prejudiced by evidence that they had no, or insufficient, liability insurance to cover McDonald's damages from the collision. The issue presented in Koehn is dissimilar to that presented by Teachers.

Finally, Teachers urges that trial of the UIM and underlying negligence claims together will prejudice Teachers because the existence of insurance will be injected into the case, the jury will be more likely to find Lane and the Church negligent and award higher damages, and the likelihood that Teachers' UIM liability would be triggered will be increased. Whatever the merits of Teachers' argument, we consider it to have been foreclosed by the Supreme Court. See Franco, 505 S.W.2d at 792; Matlock, 462 S.W.2d at 278.

We conclude that Teachers has not met its burden to prove that trial of the UIM claim and the negligence claim in the same proceeding would deny it an adequate remedy at law. Our conclusion makes it unnecessary to address Teachers' claim that the trial court abused its discretion in refusing to sever the UIM claim from the underlying negligence claim. See TEX. R. APP. P. 47.1.

The petition for writ of mandamus is denied.

Phil Johnson
Chief Justice